**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3649-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RAMON RIVERA-FIGUEROA,

    Defendant-Appellant.

_____

Submitted October 10, 2017 - Decided November 9, 2017

Before Judges Messano and Accurso.

On appeal from the Superior Court of New
Jersey, Law Division, Middlesex County,
Indictment No. 12-05-0856.

Joseph E. Krakora, Public Defender, attorney
for appellant (Alan I. Smith, Designated
Counsel, on the brief).

Andrew C. Carey, Middlesex County
Prosecutor, attorney for respondent (Joie
Piderit, Assistant Prosecutor, of counsel
and on the brief).

PER CURIAM

    Defendant Ramon Rivera-Figueroa appeals from the denial of

his petition for post-conviction relief (PCR), contending he

established a prima facie case of ineffective assistance of

counsel requiring an evidentiary hearing. Because the trial judge correctly determined the evidence insufficient to sustain defendant's burden, we affirm.

Following a robbery committed with a co-defendant in which the victim was struck in the head with a gun and stabbed several times with a screwdriver, a grand jury indicted defendant on charges of first-degree robbery, N.J.S.A. 2C:15-1; second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5b and N.J.S.A. 2C:58-4; second-degree possession of a weapon for unlawful purposes, N.J.S.A. 2C:39-4a; fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5d; third-degree possession of a weapon for unlawful purposes, N.J.S.A. 2C:39-4d; second-degree aggravated assault, N.J.S.A. 2C:12-1b(1); fourth-degree aggravated assault, N.J.S.A. 2C:12-1b(4); third-degree aggravated assault, N.J.S.A. 2C:12-1b(2); fourth-degree prohibited devices, N.J.S.A. 2C:39-3f; second-degree conspiracy, N.J.S.A. 2C:15-1 and N.J.S.A. 2C:5-2; and third-degree possession of a controlled dangerous substance, N.J.S.A. 2C:35-10a(1).

Defendant pled guilty to first-degree robbery in exchange for the State's agreement to recommend a sentence in the second-degree range, subject to the periods of parole ineligibility and supervision required by the No Early Release Act (NERA),

N.J.S.A. 2C:43-7.2, and to dismiss the remaining charges. Judge Pincus took defendant's plea and subsequently sentenced him to a seven-year NERA term. Defendant appealed his sentence, which we reviewed on a sentencing calendar, R. 2:9-11, and affirmed.

In his petition for post-conviction relief, defendant claimed his plea counsel misled him as to his sentence exposure by telling him "because of [his] lack of a prior record and because of the four young children that [he] support[ed], that the mitigating factors would be found in [his] favor," and he "would be receiving a five year state prison sentence." Based on his counsel's advice, defendant claimed he understood his "open" plea would "allow the Judge to sentence [him] to five years in prison, despite the State's objection." He further claimed his counsel was ineffective for failing to investigate and consider all defenses and by failing to argue all mitigating factors at sentencing.

After hearing argument by assigned counsel, Judge Pincus issued a comprehensive written opinion denying the petition on the basis that defendant had failed to establish a prima facie claim for relief. State v. Preciose, 129 N.J. 451, 462-64 (1992). The judge noted defendant had represented at the plea hearing that he understood the plea agreement and the consequences of his "open" plea. She nevertheless reviewed the

plea forms with defendant and advised him that he "would be sentenced in the second-degree range of five to ten years subject to NERA instead of facing the maximum sentence of twenty years subject to NERA for a first-degree charge." She found "no suggestion by Petitioner that he expected to receive a sentence of only five years subject to NERA" and "nothing to suggest that trial counsel did not properly advise Petitioner of the plea agreement and potential sentencing consequences as a result of the plea agreement."

As to defendant's claim that his counsel failed to argue all mitigating factors, the court found trial counsel "strongly advocated for mitigating factors" and submitted "a detailed sentencing memorandum . . . in which [he] argued for the lowest sentence available in the second-degree range, five years subject to NERA." The judge made clear she would not have found the mitigating factors defendant claimed his trial counsel should have argued, and she dismissed his claim that counsel had failed to investigate defenses as a bald assertion unsupported by any certification attesting to the facts such investigation would have revealed. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999), certif. denied, 162 N.J. 199 (1999); see also State v. Jones, 219 N.J. 298, 311-12 (2014).

On appeal, defendant presents the following arguments:

POINT I.

THE ORDER DENYING POST-CONVICTION RELIEF
SHOULD BE REVERSED AND THE MATTER REMANDED
FOR AN EVIDENTIARY HEARING BECAUSE THE PCR
COURT'S FINDINGS, WHICH WERE BASED ON THE
PLEA <u>VOIR DIRE</u>, THE PRESUMPTION OF TRIAL
COUNSEL COMPETENCY, AND THE FAVORABLE PLEA
BARGAIN, WERE INCONSISTENT WITH <u>PRIMA FACIE</u>
INEFFECTIVE ASSISTANCE OF COUNSEL STANDARDS.

POINT II.

THE ORDER DENYING POST-CONVICTION RELIEF
SHOULD BE REVERSED BECAUSE IT VIOLATED
DEFENDANT'S RIGHT TO EFFECTIVE ASSISTANCE OF
COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT
TO THE UNITED STATES CONSTITUTION.

We reject those arguments as without sufficient merit to warrant discussion in a written opinion, <u>R.</u> 2:11-3(e)(2), and affirm the denial of defendant's petition substantially for the reasons set forth in Judge Pincus's February 19, 2016 cogent and well-reasoned written opinion.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3649-15T4